PER CURIAM:
On February 16, 1990, the claimant’s son, Roger Barker, was driving the claimant’s 1983 Ford Ranger, four wheel drive truck, south on Route 20 in the vicinity of the Blue Stone Dam in Summers County. At approximately 12:00 noon on that date, a beach ball-size rock fell from a mountain ledge adjoining Route 20 and struck claimant’s truck. The rock shattered the windshield and crushed the cab of the truck. Roger Barker testified that the rock was between 150 to 200 pounds. Fortunately, he was not seriously injured and sustained only minor cuts and abrasions. The vehicle repair was estimated to cost $1,516.12. Neither the claimant nor her son had insurance to cover the damages.
The respondent denies negligence as it did not have notice that this particular rock was going to fall. However, Bobby Joe Maddy, Summers County Road Supervisor for the respondent, testified that the ledge adjoining the southbound lane of Route 20 in the area of the accident is not shelved or otherwise secured to prevent rocks from falling onto the highway. Mr.
Maddy further testified that rocks fall there continually. Although signs warning of this hazard are posted, the claimant testified he did not see them.
The rule of law governing road hazards provides that the State is neither an insurer nor a guarantor of the safety of travelers on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). In order for respondent to be found liable for the damages sustained, the claimant must prove that it the respondent had actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). It appears to the Court that the respondent was on notice of the possibility of rocks falling in this area of Route 20 prior to this accident, and that respondent has taken insufficient action to remedy the potential hazard to the travelers of this route. See Koenig and *48 Koenig v. Dept. of Highways, Claim No. CC-87-219, Unpublished Opinion issued December 20, 1989. The evidence indicates that the respondent conducted an engineering survey of this rock fall area five years before the accident, but took no other action to abate the hazard. Given the frequency and severity of this “continuing” hazard, it is not sufficient for the respondent to escape liability by arguing that no repairs may be made until federal funds become available.
In view of the foregoing, the Court is of the opinion to and does award the amount of $1,516.12 to the claimant.
Award of $1,516.12.